**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:                                       CASE NO. 11-07135-8-SWH

**STEVEN WILLIAMS and**                  Chapter 11
**LINDA BAKER WILLIAMS,**
              **Debtors-in-Possession**

## AMENDED PLAN OF REORGANIZATION

The Debtors in the above captioned Chapter 11 case hereby submit the following Plan of Reorganization.

ARTICLE I
DEFINITIONS

For the purposes of the Plan the following definitions shall apply:

1.      "Code" shall mean Title 11 of the United States Code as amended.

2.      "Court" shall mean the United States Bankruptcy Court for the Eastern District of North Carolina in which this case is pending.

3.      "Creditors" shall mean all creditors of the Debtors holding claims for debts, liabilities, demands or claims of any character whatsoever.

4.      "Confirmation of the Plan" shall mean the entry by the Court of an order confirming the Plan in accordance with Chapter 11.

5.      "Debtors" shall mean Steven Williams and Linda Baker Williams, the individuals listed in the caption of the Plan.

6.      "Effective Date" shall be 30 days after the confirmation order becomes final and non-appealable.

7.      "General Unsecured Creditors" shall mean all allowed claims held by creditors of the Debtors, other than Secured Claims or Priority Claims, and shall include claims of secured creditors to the extent that the same are unsecured in part and claims arising out of the rejection of executory contracts or unexpired leases.

8.      "Lien" shall mean a mortgage, pledge, judgment lien, security interest, charging order, or other

1

charge or encumbrance on the Debtors' property effective under the applicable law as of the date of the Debtors' petition.

9.      "Non-classified Claims" shall mean claims not entitled to classification under Section 1123(a)(1).

10.     "Petition Date" shall mean the date on which the Chapter 11 petition was filed, 17 September 2011.

11.     "Priority Claim" shall mean the claim of a creditor entitled to priority under Section 507 excluding claims entitled to priority under Section 507(a)(8).

12.     "Plan" shall mean this Plan of Reorganization in its present form or as it may be amended or supplemented.

13.     "Secured Claim" shall mean all claims secured by liens on the property of the Debtors, which liens are valid, perfected and enforceable under applicable law and are not subject to avoidance under the Bankruptcy Code or other applicable nonbankruptcy law and are duly established in this case.

ARTICLE II
GENERAL PROVISIONS

The following general provisions apply to this Plan:

1.      Claims: Various claims are defined in this Plan.  The Plan is intended to deal with all claims against the Debtors of whatever character, whether or not contingent or liquidated and whether or not allowed by the Code pursuant to Section 502(a).

2.      Preserved Liens: To the extent required under Section 1124(2) of the Code to preserve the rights of a secured creditor, the lien or encumbrance of that creditor shall, to the extent valid, be preserved or will otherwise be satisfied by cash payment to the extent of the value of the secured property or amount of secured debt, which is less.

3.      Time for Filing Claims: All creditors whose claims are scheduled as disputed or unliquidated in the Debtors' schedules must file such claims by the bar date established by the Court, 25 January 2012, in order to be treated under the Plan.  However, the Debtors and all other parties in interest shall have 30 days after the Effective Date or 30 days after the bar date, whichever is later,  to object to said claims.

4.      Modification of the Plan: This Plan may be modified upon any application by the Debtors or corrected prior to Confirmation without notice and hearing and without additional disclosure pursuant to Section 1125 of the Code, subject to a determination at the time of Confirmation by the Court that such modification or correction does not materially or adversely affect any creditor or class or creditors.

After confirmation of the Plan, the Debtors may, upon approval of the Court, remedy any defect or omission, or reconcile any inconsistencies in the Plan or in the Confirmation Order is such manner as may be necessary to carry out the purpose and effect of this Plan without further notice and hearing. However, to the extent the Court deems necessary, the Debtors may be required to grant affected creditors notice and opportunity to be heard on such modifications.

ARTICLE III
DIVISIONS OF CLAIMS AND INTERESTS

Class 1: All allowed Priority Claims;
Class 2: Secured Claim of Bank of Amercia - First Mortgage on Debtors' Residence;
Class 3: Secured Claim of Bank of America - Second Mortgage on Debtors' Residence;
Class 4: Secured Claim of Bank of Amerca - 2216 Lafayette Street Property;
Class 5: Secured Claim of Bank of America - 1615 Greenbriar Street Property;
Class 6: Secured Claim of Bank of America - 1617 Greenbriar Street Property;
Class 7: Secured Claim of Bank of America - 1006 Spruce Street Property;
Class 8: Secured Claim of Bank of America - 1013 Clarendon Street Property;
Class 9: Secured Claim of Bank of America - 608 Bacon Street Property;
Class 10: Secured Claim of Bank of America - 606 Bacon Street Property;
Class 11: Secured Claim of Bank of America - 808 North Street Property;
Class 12: Secured Claim of Bank of America - 806 North Street Property;
Class 13: Secured Claim of Bank of America - 2207 S Roxboro Street Property;
Class 14: Secured Claim of Citimortgage - 609 Bacon Street Property
Class 15: Secured Claim of Midfirst Mortgage - 5529C Hornaday Road Property;
Class 16: Secured Claim of Saxon Mortgage - 2223 S Roxboro Street Property;
Class 17: Secured Claim of State Employees Credit Union - 610 Bacon Street Property;
Class 18: Secured Claim of State Employees Credit Union - 1200 N Guthrie Avenue Property;
Class 19: Secured Claim of State Employees Credit Union - 2703 Ashe Street Property;
Class 20: Secured Claim of State Employees Credit Union - 1519 S Alston Avenue Property;
Class 21: Secured Claim of State Employees Credit Union -  805 Ardmore Drive Property;
Class 22: Secured Claim of State Employees Credit Union - 819 Lee Street Property;
Class 23: Secured Claim of State Employees Credit Union - 1102 Delano Street Property;
Class 24: Secured Claim of State Employees Credit Union - 115 Dunstan Avenue Property;
Class 25: Secured Claim of State Employees Credit Union - 113 Dunstan Avenue Property;
Class 26: Secured Claim of State Employees Credit Union -  117 Dunstan Avenue Property;
Class 27: Secured Claim of State Employees Credit Union - 119 Dunstan Avenue Property;
Class 28: Secured Claim of State Employees Credit Union - 121 Dunstan Avenue Property;
Class 29: Secured Claim of State Employees Credit Union - 123 Dunstan Avenue Property;
Class 30: Secured Claim of State Employees Credit Union - 125 Dunstan Avenue Property;
Class 31: Secured Claim of State Employees Credit Union - 127 Dunstan Avenue Property;
Class 32: Secured Claim of State Employees Credit Union - 1510 London Circle Property;
Class 33: Secured Claim of State Employees Credit Union -  337 Kilarney Drive Property;
Class 34: Secured Claim of State Employees Credit Union - 3215 Guess Road Property;

Class 35: Secured Claim of State Employees Credit Union - 1020 Cook Road Property;
Class 36: Secured Claim of State Employees Credit Union - 3702 Angier Avenue Property;
Class 37: Secured Claim of Wells Fargo Bank - 912 N. Guthrie Ave Property;
Class 38: Secured Claim of Wells Fargo Bank - 1203 Hearthside Street Property;
Class 39: Secured Claim of Wells Fargo Bank - 2403 Stephenson Street Property;
Class 40: Secured Claim of Wells Fargo Dealer Services - 2007 Lexus;
Class 41: Secured Claim of Santander Consumer Finance - 2004 Ford Ranger;
Class 42: Non-dischargeable Claim of Sallie Mae;
Class 43: All General Unsecured Claims irrespective of amount; and
Non-classified Claims.

## ARTICLE IV
## TREATMENT OF CLASSES AND CLAIMS

1.      Class 1 Creditors are unimpaired.  All Class 1 Creditors will be paid the cash value of their allowed claim in full through quarterly payments beginning on the last day of the quarter after the Effective Date and continuing until the 4th Quarter of 2015.  However, to the extent is does not impact the payment to other creditors, the Debtors may pay these claims in full at any time during the repayment period.

2.      Class 2 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 3401 Song Sparrow Drive, Wake Forest, NC in favor of **Bank of America**. This property is the Debtors' principal residence.  BOA has filed a proof of claim in the amount of $408,027.63 (Claim No. 31).

The Parties agree that upon the Effective Date, the Debtors will resume monthly payments.  The Debtors will also have six months from the Effective Date to apply for and receive a modification of the loan through BOA's loan modification process.  All pre- and post-petition arrearages must be cured within 72 months of the Effective Date.  Other than the ability to cure, all other terms under the Note and Deed of Trust shall remain in full force and effect.

3.      Class 3 Creditor is impaired.  This class consists of a note secured by a second deed of trust against the Debtors' residence at 3401 Song Sparrow Drive, Wake Forest, NC in favor of **Bank of America**.  BOA has filed a proof of claim in the amount of $110,586.70 (Claim No. 33).

As stated above, the Debtors value this property at $405,000.00.  As such, pursuant to Section 506, Class 3's claim is wholly unsecured.  Therefore, the deed of trust securing this claim shall be cancelled upon the entry of discharge and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

4.      Class 4 Creditor is impaired.  This class consists of a note secured by a first deed of trust

4

against the Debtors' property at 2216 Lafayette Street, Durham, NC in favor of **Bank of America**. This property is used by Debtors as a rental property. The Debtors have scheduled the principal loan balance at $50,852.00.

Due to market conditions and current valuations, the Debtors value this property at $45,000.00. As such, Class 4's secured claim will be reduced to to the principal value of **$45,000.00** and will be repaid over **20 years at 5% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date. The Debtors shall also be required to keep taxes and insurance current on the property. The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43. Other than as stated herein, all other terms under the Note and Deed of Trust shall remain in full force and effect.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$296.98** plus payments for taxes and insurance.

5.      Class 5 Creditor is impaired. This class consists of a note secured by a first deed of trust against the Debtors' property at 1615 Greenbriar Street, Durham, NC in favor of **Bank of America**. This property is used by Debtors as a rental property. BOA has filed a proof of claim in the amount of $33,416.69 (Claim No. 32).

Due to market conditions and current valuations, the Debtors value this property at $30,000.00. As such, Class 5's secured claim will be reduced to to the principal value of **$30,000.00** and will be repaid over **20 years at 5% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date. The Debtors shall also be required to keep taxes and insurance current on the property. The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43. Other than as stated herein, all other terms under the Note and Deed of Trust shall remain in full force and effect.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$197.99** plus payments for taxes and insurance.

6.      Class 6 Creditor is impaired. This class consists of a note secured by a first deed of trust against the Debtors' property at 1617 Greenbriar Street, Durham, NC in favor of **Bank of America**. This property is used by Debtors as a rental property. BOA has filed a proof of claim in the amount of $33,416.69 (Claim No. 37).

Due to market conditions and current valuations, the Debtors value this property at $30,000.00. As such, Class 6's secured claim will be reduced to to the principal value of **$30,000.00** and will be repaid over **20 years at 5% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date. The Debtors shall also be required to keep taxes and insurance current on the property. The creditor will be entitled to file a deficiency claim

excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.  Other than as stated herein, all other terms under the Note and Deed of Trust shall remain in full force and effect.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$197.99** plus payments for taxes and insurance..

7.      Class 7 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 1006 Spruce Street, Durham, NC in favor of **Bank of America**.  This property is used by Debtors as a rental property.  BOA has filed a proof of claim in the amount of $28,230.91 (Claim No. 34).

Due to market conditions and current valuations, the Debtors value this property at $25,000.00.   As such, Class 7"s secured claim will be reduced to to the principal value of **$25,000.00** and will be repaid over **17.5 years at 5% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The Debtors shall also be required to keep taxes and insurance current on the property.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.  Other than as stated herein, all other terms under the Note and Deed of Trust shall remain in full force and effect.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$178.86** plus payments for taxes and insurance.

8.      Class 8 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 1013 Clarendon Street, Durham, NC in favor of **Bank of America**.  This property is used by Debtors as a rental property.  The Debtors have scheduled the principal loan balance at $79,908.00.

The Parties have been unable to reach an agreement on this class.  Therefore, the Debtors will surrender the property on the Effective Date of the Plan in satisfaction of this claim.

9.      Class 9 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 608 Bacon Street, Durham, NC in favor of **Bank of America**.  This property is used by Debtors as a rental property.  The Debtors have scheduled the principal loan balance at $45,437.00.

Due to market conditions and current valuations, the Debtors value this property at $27,000.00.   As such, Class 9's secured claim will be reduced to to the principal value of **$27,000.00** and will be repaid over **20 years at 5% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The Debtors shall also be required to keep taxes and insurance current on the property.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt

pursuant to Class 43.  Other than as stated herein, all other terms under the Note and Deed of Trust shall remain in full force and effect.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$178.19** plus payments for taxes and insurance.

10.     Class 10 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 606 Bacon Street, Durham, NC in favor of **Bank of America**.  This property is used by the Debtors as a rental property.  BOA has filed a proof of claim in the amount of $51,974.41 (Claim No. 35).

Due to market conditions and current valuations, the Debtors value this property at $27,000.00.   As such, Class 10's secured claim will be reduced to to the principal value of **$27,000.00** and will be repaid over **20 years at 5% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The Debtors shall also be required to keep taxes and insurance current on the property.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.  Other than as stated herein, all other terms under the Note and Deed of Trust shall remain in full force and effect.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$178.19** plus payments for taxes and insurance.

11.     Class 11 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 808 North Street, Durham, NC in favor of **Bank of America**.  This property is used by Debtors as a rental property.  BOA has filed a proof of claim in the amount of $86,332.59 (Claim No. 8).

Due to market conditions and current valuations, the Debtors value this property at $60,000.00.   As such, Class 11's secured claim will be reduced to to the principal value of **$60,000.00** and will be repaid over **20 years at 5% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The Debtors shall also be required to keep taxes and insurance current on the property.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.  Other than as stated herein, all other terms under the Note and Deed of Trust shall remain in full force and effect.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$395.97** plus payments for taxes and insurance.

12.     Class 12 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 806 North Street, Durham, NC in favor of **Bank of America**.  This property is used by the Debtors as a rental property.  The Debtors have scheduled the principal loan

balance at $81,300.63.

Due to market conditions and current valuations, the Debtors value this property at $39,000.00.   As such, Class 11's secured claim will be reduced to to the principal value of **$39,000.00** and will be repaid over **20 years at 5% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The Debtors shall also be required to keep taxes and insurance current on the property.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.  Other than as stated herein, all other terms under the Note and Deed of Trust shall remain in full force and effect.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$257.38** plus payments for taxes and insurance.

13.      Class 13 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 2207 S Roxboro Street, Durham, NC in favor of **Bank of America**. This property is used by Debtors as a rental property.  The Debtors have scheduled the principal loan balance at $99,808.00.

Due to market conditions and current valuations, the Debtors value this property at $89,500.00.   As such, Class 13's secured claim will be reduced to to the principal value of **$89,500.00** and will be repaid over **30 years at 5% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The Debtors shall also be required to keep taxes and insurance current on the property.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.  Other than as stated herein, all other terms under the Note and Deed of Trust shall remain in full force and effect.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$480.46** plus payments for taxes and insurance.

14.      Class 14 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 609 Bacon Street, Durham, NC in favor of **Citimortgage**.  This property is used by Debtors as a rental property.  The Debtors have scheduled the principal loan balance at $42,915.61.

Due to market conditions and current valuations, the Parties have agreed to value this property at $29,000.00.   As such, Class 14's secured claim will be reduced to to the principal value of **$29,000.00** and will be repaid over **15 years at 5% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The Debtors shall also be required to keep taxes and insurance current on the property.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately $229.33 plus payments for taxes and insurance.

15.      Class 15 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 5529C Hornaday Road, Greensboro, NC in favor of **Midfirst Mortgage**.  This property is used by the Debtors as a rental property.  Midfirst has filed a proof of claim in the amount of $48,700.73 (Claim No. 7).

By agreement, the Parties have agreed that this loan shall be treated as fully secured.   As such, Class 15's secured claim will be reduced to to the principal value of **$48,700.73** and will be repaid over **30 years at 5.5% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The Debtors shall also be required to keep taxes and insurance current on the property.  The Debtors have agreed to the payment of $950.00 in attorneys fees and all post-petition disbursements for taxes and/or insurance.  These amounts shall be added to the total secured claim.  Except as specifically stated herein, all other terms of the Note and Deed of Trust shall control.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$296.43** plus payments for taxes and insurance of $99.21.

16.      Class 16 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 2223 S Roxboro Street, Durham, NC in favor of **Saxon Mortgage**. This property is used by Debtors as a rental property.  The Debtors have scheduled the principal loan balance at $106,064.96.

Due to market conditions and current valuations, the Debtors value this property at $65,400.00.   As such, Class 16's secured claim will be reduced to to the principal value of **$65,400.00** and will be repaid over **15 years at 4.5% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The Debtors shall also be required to keep taxes and insurance current on the property.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$500.31** plus payments for taxes and insurance.

17.      Class 17 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 610 Bacon Street, Durham, NC in favor of **State Employees Credit Union**.  This property is used by Debtors as a rental property.  SECU has filed a proof of claim in the amount of $43,783.84 (Claim No. 30).

Due to market conditions and current valuations, the Debtors value this property at $27,000.00.   As

9

such, Class 17's secured claim will be reduced to to the principal value of **$27,000.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU.  As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount.  The amount will change periodically as the new taxes and insurance premiums are paid by SECU.  Default in payments of the escrow will constitute a default under the underlying Promissory Note.  Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect.  The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$210.01** plus payments for taxes and insurance.

18.     Class 18 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 1200 N Guthrie Avenue, Durham, NC in favor of **State Employees Credit Union**.  This property is used by Debtors as a rental property.  SECU has filed a proof of claim in the amount of $45,497.00 (Claim No. 27).

Due to market conditions and current valuations, the Debtors value this property at $22,500.00.   As such, Class 18's secured claim will be reduced to to the principal value of **$22,500.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU.  As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount.  The amount will change periodically as the new taxes and insurance premiums are paid by SECU.  Default in payments of the escrow will constitute a default under the underlying Promissory Note.  Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect.  The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state

law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$175.01** plus payments for taxes and insurance.

19.     Class 19 Creditor is impaired. This class consists of a note secured by a first deed of trust against the Debtors' property at 2703 Ashe Street, Durham, NC in favor of **State Employees Credit Union**. This property is used by Debtors as a rental property. SECU has filed a proof of claim in the amount of $39,204.16 (Claim No. 24).

Due to market conditions and current valuations, the Debtors value this property at $25,000.00. As such, Class 19's secured claim will be reduced to to the principal value of **$25,000.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date. The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU. As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount. The amount will change periodically as the new taxes and insurance premiums are paid by SECU. Default in payments of the escrow will constitute a default under the underlying Promissory Note. Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect. The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$194.46** plus payments for taxes and insurance.

20.     Class 20 Creditor is impaired. This class consists of a note secured by a first deed of trust against the Debtors' property at 1519 S Alston Ave, Durham, NC in favor of **State Employees Credit Union**. This property is used by Debtors as a rental property. SECU has filed a proof of claim in the amount of $48,847.27 (Claim No. 26).

Due to market conditions and current valuations, the Parties have agreed to value this property at $37,000.00. As such, Class 20's secured claim will be reduced to to the principal value of **$37,000.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date. The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

11

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU. As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount. The amount will change periodically as the new taxes and insurance premiums are paid by SECU. Default in payments of the escrow will constitute a default under the underlying Promissory Note. Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect. The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$272.24** plus payments for taxes and insurance.

21.     Class 21 Creditor is impaired. This class consists of a note secured by a first deed of trust against the Debtors' property at 805 Ardmore Drive, Durham, NC in favor of **State Employees Credit Union**. This property is used by the Debtors as a rental property. SECU has filed a proof of claim in the amount of $87,818.60 (Claim No. 11).

Due to market conditions and current valuations, the Debtors value this property at $45,000.00. As such, Class 21's secured claim will be reduced to to the principal value of **$45,000.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date. The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU. As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount. The amount will change periodically as the new taxes and insurance premiums are paid by SECU. Default in payments of the escrow will constitute a default under the underlying Promissory Note. Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect. The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$350.02** plus payments for taxes and insurance.

22.    Class 22 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 819 Lee Street, Durham, NC in favor of **State Employees Credit Union**.  This property is used by Debtors as a rental property.  SECU has filed a proof of claim in the amount of $32,558.81 (Claim No. 12).

Due to market conditions and current valuations, the Debtors value this property at $27,000.00.   As such, Class 22's secured claim will be reduced to to the principal value of **$27,000.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU.  As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount.  The amount will change periodically as the new taxes and insurance premiums are paid by SECU.  Default in payments of the escrow will constitute a default under the underlying Promissory Note.  Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect.  The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$210.01** plus payments for taxes and insurance.

23.    Class 23 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 1102 Delano Street, Durham, NC in favor of **State Employees Credit Union**.  This property is used by Debtors as a rental property.  SECU has filed a proof of claim in the amount of $68,776.29 (Claim No. 13).

Due to market conditions and current valuations, the Debtors value this property at $50,000.00.   As such, Class 23's secured claim will be reduced to to the principal value of **$50,000.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU.  As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount.  The amount

13

will change periodically as the new taxes and insurance premiums are paid by SECU.  Default in payments of the escrow will constitute a default under the underlying Promissory Note.  Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect.  The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$388.92** plus payments for taxes and insurance.

24.     Class 24 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 115 Dunstan Avenue, Durham, NC in favor of **State Employees Credit Union**.  This property is used by Debtors as a rental property.  SECU has filed a proof of claim in the amount of $34,912.23 (Claim No. 28).

Due to market conditions and current valuations, the Debtors value this property at $19,500.00.   As such, Class 24's secured claim will be reduced to to the principal value of **$19,500.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU.  As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount.  The amount will change periodically as the new taxes and insurance premiums are paid by SECU.  Default in payments of the escrow will constitute a default under the underlying Promissory Note.  Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect.  The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$151.68** plus payments for taxes and insurance.

25.     Class 25 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 113 Dunstan Avenue, Durham, NC in favor of **State Employees Credit Union**.  This property is used by the Debtors as a rental property.  SECU has filed a proof of claim in the amount of $34,422.42 (Claim No. 29)

14

Due to market conditions and current valuations, the Debtors value this property at $19,500.00.   As such, Class 25's secured claim will be reduced to to the principal value of **$19,500.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU.  As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount.  The amount will change periodically as the new taxes and insurance premiums are paid by SECU.  Default in payments of the escrow will constitute a default under the underlying Promissory Note.  Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect.  The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$151.68** plus payments for taxes and insurance.

26.     Class 26 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 117 Dunstan Avenue, Durham, NC in favor of **State Employees Credit Union**.  This property is used by the Debtors as a rental property.  SECU has filed a proof of claim in the amount of $35,912.23 (Claim No. 23).

Due to market conditions and current valuations, the Debtors value this property at $19,500.00.   As such, Class 26's secured claim will be reduced to to the principal value of **$19,500.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU.  As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount.  The amount will change periodically as the new taxes and insurance premiums are paid by SECU.  Default in payments of the escrow will constitute a default under the underlying Promissory Note.  Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect.  The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment

required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$151.68** plus payments for taxes and insurance.

27. Class 27 Creditor is impaired. This class consists of a note secured by a first deed of trust against the Debtors' property at 119 Dunstan Avenue, Durham, NC in favor of **State Employees Credit Union**. This property is used by the Debtors as a rental property. SECU has filed a proof of claim in the amount of $35,912.23 (Claim No. 22).

Due to market conditions and current valuations, the Debtors value this property at $19,500.00. As such, Class 27's secured claim will be reduced to to the principal value of **$19,500.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date. The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU. As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount. The amount will change periodically as the new taxes and insurance premiums are paid by SECU. Default in payments of the escrow will constitute a default under the underlying Promissory Note. Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect. The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$151.68** plus payments for taxes and insurance.

28. Class 28 Creditor is impaired. This class consists of a note secured by a first deed of trust against the Debtors' property at 121 Dunstan Avenue, Durham, NC in favor of **State Employees Credit Union**. This property is used by the Debtors as a rental property. SECU has filed a proof of claim in the amount of $34,981.49 (Claim No. 21).

Due to market conditions and current valuations, the Debtors value this property at $19,500.00. As such, Class 28's secured claim will be reduced to to the principal value of **$19,500.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date. The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an

unsecured debt pursuant to Class 43.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU. As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount. The amount will change periodically as the new taxes and insurance premiums are paid by SECU. Default in payments of the escrow will constitute a default under the underlying Promissory Note. Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect. The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$151.68** plus payments for taxes and insurance.

29.    Class 29 Creditor is impaired. This class consists of a note secured by a first deed of trust against the Debtors' property at 123 Dunstan Avenue, Durham, NC in favor of **State Employees Credit Union**. This property is used by the Debtors as a rental property. SECU has filed a proof of claim in the amount of $34,981.49 (Claim No. 20).

Due to market conditions and current valuations, the Debtors value this property at $19,500.00. As such, Class 29's secured claim will be reduced to to the principal value of **$19,500.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date. The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU. As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount. The amount will change periodically as the new taxes and insurance premiums are paid by SECU. Default in payments of the escrow will constitute a default under the underlying Promissory Note. Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect. The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$151.68** plus payments for taxes and insurance.

30.    Class 30 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 125 Dunstan Avenue, Durham, NC in favor of **State Employees Credit Union**.  This property is used by the Debtors as a rental property.  SECU has filed a proof of claim in the amount of $33,821.65 (Class No. 19).

Due to market conditions and current valuations, the Debtors value this property at $19,500.00.  As such, Class 30's secured claim will be reduced to to the principal value of **$19,500.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU.  As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount.  The amount will change periodically as the new taxes and insurance premiums are paid by SECU.  Default in payments of the escrow will constitute a default under the underlying Promissory Note.  Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect.  The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$151.68** plus payments for taxes and insurance.

31.    Class 31 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 127 Dunstan Avenue, Durham, NC in favor of **State Employees Credit Union**.  This property is used by Debtors as a rental property.  SECU has filed a proof of claim in the amount of $34,981.00 (Claim No. 18).

Due to market conditions and current valuations, the Debtors value this property at $19,500.00.  As such, Class 31's secured claim will be reduced to to the principal value of **$19,500.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU.  As in the past, the Debtors shall continue to receive any notification or

correspondence from SECU specifying the exact amount of the monthly escrow amount. The amount will change periodically as the new taxes and insurance premiums are paid by SECU. Default in payments of the escrow will constitute a default under the underlying Promissory Note. Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect. The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$151.68** plus payments for taxes and insurance.

32.    Class 32 Creditor is impaired. This class consists of a note secured by a first deed of trust against the Debtors' property at 1510 London Circle, Durham, NC in favor of **State Employees Credit Union**. This property is used by the Debtors as a rental property. SECU has filed a proof of claim in the amount of $36,952.01 (Claim No. 17).

Due to market conditions and current valuations, the Debtors value this property at $29,500.00.  As such, Class 32's secured claim will be reduced to to the principal value of **$29,500.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date. The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU. As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount. The amount will change periodically as the new taxes and insurance premiums are paid by SECU. Default in payments of the escrow will constitute a default under the underlying Promissory Note. Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect. The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$229.46** plus payments for taxes and insurance.

33.    Class 33 Creditor is impaired. This class consists of a note secured by a first deed of trust against the Debtors' property at 337 Kilarney Drive, Durham, NC in favor of **State Employees Credit Union**. This property is used by the Debtors as a rental property. SECU has filed a proof of claim in the amount of $46,582.02 (Claim No. 15).

19

Due to market conditions and current valuations, the Debtors value this property at $25,000.00.   As such, Class 33's secured claim will be reduced to to the principal value of **$25,000.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.   The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU.  As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount.  The amount will change periodically as the new taxes and insurance premiums are paid by SECU.  Default in payments of the escrow will constitute a default under the underlying Promissory Note.  Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect.  The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$194.46** plus payments for taxes and insurance.

34.      Class 34 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 3215 Guess Road, Suite 210, Durham, NC in favor of **State Employees Credit Union**.  This property is used by the Debtors as a rental property.  SECU has filed a proof of claim in the amount of $28,307.42 (Claim No. 16).

Due to market conditions and current valuations, the Debtors' expert value this property between $31,000.00 and 36,000.00.   As such, Class 34's claim will be treated as **fully secured** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU.  As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount.  The amount will change periodically as the new taxes and insurance premiums are paid by SECU.  Default in payments of the escrow will constitute a default under the underlying Promissory Note.  Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect.  The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state

law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$228.16** plus payments for taxes and insurance.

35.    Class 35 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 1020 Cook Road, Durham, NC in favor of **State Employees Credit Union**.  This property is used by the Debtors as a rental property.  SECU has filed a proof of claim in the amount of $31,782.40.

Due to market conditions and current valuations, the Debtors' expert value this property between $31,000.00 and 36,000.00.   As such, Class 34's claim will be treated as **fully secured** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU.  As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount.  The amount will change periodically as the new taxes and insurance premiums are paid by SECU.  Default in payments of the escrow will constitute a default under the underlying Promissory Note.  Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect.  The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$257.88** plus payments for taxes and insurance.

36.    Class 36 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 3702 Angier Avenue, Durham, NC in favor of **State Employees Credit Union**.  This property is used by the Debtors as a rental property.  SECU has filed a proof of claim in the amount of $56,902.42 (Claim No. 25).

Due to market conditions and current valuations, the Debtors value this property at $30,000.00.   As such, Class 36's secured claim will be reduced to to the principal value of **$30,000.00** and will be repaid over **15 years at 4.75% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

In addition to the monthly payments as specified herein, the Debtors shall continue to remit monthly to

21

SECU monthly escrow payments attributable to this loan and the payment of insurance and taxes advanced by SECU. As in the past, the Debtors shall continue to receive any notification or correspondence from SECU specifying the exact amount of the monthly escrow amount. The amount will change periodically as the new taxes and insurance premiums are paid by SECU. Default in payments of the escrow will constitute a default under the underlying Promissory Note. Except for those terms modified by the treatment stated herein, all other terms and conditions contained in the original Promissory Note and Deed of Trust will remain in full force and effect. The automatic stay shall be lifted without further notice or hearing as to this claim if the Debtors fail to make any payment required to this Class within 30 days of its due date whereupon SECU shall be free to pursue its state law remedies

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$233.35** plus payments for taxes and insurance.

37.     Class 37 Creditor is impaired. This class consists of a note secured by a first deed of trust against the Debtors' property at 912 N Guthrie Avenue, Durham, NC in favor of **Wells Fargo Bank**. This property is used by Debtors as a rental property. Wells Fargo has filed a proof of claim in the amount of $35,973.99 (Claim No. 6).

Due to market conditions and current valuations, the Debtors value this property at $16,000.00. As such, Class 37's secured claim will be reduced to to the principal value of **$16,000.00** and will be repaid over **15 years at 5.25% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date. The Debtors shall also be required to keep taxes and insurance current on the property. The Debtors have agreed to the payment of all post-petition disbursements for taxes and/or insurance. These amounts shall be added to the total secured claim. Except as specifically stated herein, all other terms of the Note and Deed of Trust shall control. The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$200.13** plus payments for taxes and insurance.

38.     Class 38 Creditor is impaired. This class consists of a note secured by a first deed of trust against the Debtors' property at 1203 Hearthside Street, Durham, NC in favor of **Wells Fargo Bank**. This property is used by the Debtors as a rental property. Wells Fargo has filed a proof of claim in the amount of $107,332.31 (Claim No. 5).

Due to market conditions and current valuations, the Debtors value this property at $47,000.00. As such, Class 38's secured claim will be reduced to to the principal value of **$47,000.00** and will be repaid over **15 years at 4.5% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date. The Debtors shall also be required to keep taxes and insurance current on the property. The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an

unsecured debt pursuant to Class 43.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$359.55** plus payments for taxes and insurance.

39.     Class 39 Creditor is impaired.  This class consists of a note secured by a first deed of trust against the Debtors' property at 2403 Stephenson Street, Durham, NC in favor of **Wells Fargo Bank**. This property is used by the Debtors as a rental property.  Wells Fargo has filed a proof of claim in the amount of $54,786.10 (Claim No. 38).

Due to market conditions and current valuations, the Debtors value this property at $40,000.00.   As such, Class 39's secured claim will be reduced to to the principal value of **$40,000.00** and will be repaid over **15 years at 4.5% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  The Debtors shall also be required to keep taxes and insurance current on the property.  The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$306.00** plus payments for taxes and insurance.

40.     Class 40 Creditor is impaired.  This class consists of a note secured by lien on the Debtors' 2007 Lexus IS250 in favor of **Wells Fargo Dealer Services**.  This property is used by Debtors as their personal vehicle.  Wells Fargo has filed a proof of claim in the amount of $18,038.79 (Claim No. 4).

By agreement, the Parties entered into a consent order in regard to this claim and collateral.  That consent order and its terms are incorporated herein by reference as if set out in full.  The Debtors are performing under this consent order and will continue that treatment post-confirmation

For clarification and feasibility only, Class 40's secured claim was reduced to to the principal value of **$15,875.00** and will be repaid over **5 years at 5% interest** per annum through equal monthly payments.  The Debtors shall also be required to keep taxes and insurance current on the property. The creditor will be entitled to file a deficiency claim excluding post-petition costs and interest and this claim shall be dealt with as an unsecured debt pursuant to Class 43.  To the extent this recitation of the order conflicts with the consent order between the Parties, that order and its terms shall control.

The Debtors estimate this class to receive monthly payments of approximately **$298.91** plus payments for taxes and insurance.

41.     Class 41 Creditor is impaired.  This class consists of a note secured by lien on the Debtors' 2009 Ford Ranger in favor of **Santander Consumer**.  This property is used by Debtors for their business.  Santander has filed a proof of claim in the amount of $9,622.74 (Claim No. 39).

23

By agreement of the Parties, Class 41 will be allowed a secured claim in the amount of **$9,622.74** and will be repaid over **5 years at 5.25% interest** per annum through equal monthly payments on the 1st of each month beginning on 1 April 2012.  The Debtors shall also be required to keep taxes and insurance current on the property.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$183.81** plus payments for taxes and insurance.

If the Debtor fails to make any payment to Santander within 30 days of when the payment is due, it is a non-curable default without hearing or notice required from the Service and the automatic stay is automatically lifted such that the Service may pursue collection without further relief or order from the Court.

42.    Class 42 Creditor is impaired.  This class consists of a promissory note characterized as an educational loan in favor of **Sallie Mae**.  Sallie Mae has filed a proof of claim in the amount of $14,360.31 (Claim No. 1).  However, the Debtors submit that the proof of claim as filed is insufficient to establish the claim and shall file an objection to same pursuant to Rule 3001.  This objection shall be used simply to determine that Sallie Mae is the true owner of the claim and satisfaction of this class shall be result in a satisfaction of the claim.

As this debt is non-dischargeable, the current principal owing will be repaid in full over **10 years at 4% interest** per annum through equal monthly payments on the 1st of each month beginning on the 1st of the month following the Effective Date.  This treatment shall fully satisfy and discharge this debt.

For clarification and feasibility, the Debtors estimate this class to receive monthly payments of approximately **$145.39** per month.

43.    Class 43 is impaired.  This class consists of general unsecured claims as defined above, including all deficiency claims arising from other classes.  Based on the burden of payments to secured and priority claimants as well as the Debtors' lack of equity in estate property, no amount is due to unsecured creditors.  However, the Debtors will make a one time distribution to this class on the Effective Date of $500.00 in satisfaction of these claims.  This amount will be distributed to allowed claims pro-rata.

44.    Non-classified Claims are unimpaired.  These claims shall be satisfied pursuant to their respective treatments under Section 1129(a)(9)(A) &(C).

For clarification, tax claims entitled to priority shall paid in full at the statutory rate of interest within five years of the date of the petition in equal quarterly payments.  The payments will begin on the last day of the quarter following the Effective Date.  Administrative claims shall be paid in full on the Effective Date or under different treatment acceptable to the claimant.

ARTICLE V
MEANS OF EXECUTION OF THE PLAN

The Debtors will fund this Plan through the continued operation of their business, Global R&S, Inc. and their rental income.  The Monthly Reports filed to date in this proceeding support the Debtors' assumptions regarding the payment of classes.  An exhibit showing the projections and distributions under the Plan is attached to the Disclosure Statement supporting this Plan.

ARTICLE VI
RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this case after Confirmation until the final distribution under Article IV has been made in respect to the following matters:

A. To enable any party in interest to consummate any and all proceedings that it may bring prior to confirmation;

B.  To hear and determine all claims, including claims arising from the rejection of any executory contract or unexpired lease and any objections which may be made thereto;

C.  To liquidate or estimate damages or determine the manner and time for such liquidation or estimation in connection with any contingent or unliquidated claim;

D.  To adjudicate all claims to any lien on any property of the Debtors or any proceeds thereof;

E.  To adjudicate all claims or controversies arising during the pendency of the Chapter 11 case;

F.  To allow or disallow any claims; and

G.  To make such orders as are necessary or appropriate to carry out the provisions of the Plan.

ARTICLE VII
EFFECT OF CONFIRMATION

The Debtors submit that the creditors under this Plan will receive more than they would under a Chapter 7 liquidation and enforceable instruments in support of their claims.  **Therefore, the Debtors hereby gives notice that they intend to seek a discharge upon confirmation of this plan.**  Except as otherwise provided in the Plan, the confirmation of the plan vests all the property of the estate in the Debtors.

The Debtors submit that they are current in their obligations as lessors in all of their residential leases and

25

as such hereby assume all current leases.

Except as provided herein, all contracts which exist between the Debtors and any individual or entity, whether such contract be in writing or oral, which have not heretofore been rejected or heretofore been approved by Orders of the Court are specifically rejected.

Respectfully submitted this 18th day of September 2012.

**J.M. Cook, P.A.**

By: /s/ _J.M. Cook_

J.M. Cook

Attorney at Law

5874 Faringdon Place

Suite 100

Raleigh, NC  27609

Tel: (919) 675-2411

Fax: (919) 882-1719

Email: J.M.Cook@jmcookesq.com


Debtors-in-Possession

/s/ Steven Williams

Steven Williams


/s/ Linda Baker Williams

Linda Baker Williams